**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CASE NO.: 1:26-cv-05032-LAP

| | |
|---|---|
| REMY COUTURE AND ALLISON DUNN D/B/A VERT TEBRE,<br><br>Plaintiffs,<br><br>v.<br><br>ABOCYN, BDAIENITO, CHENNDUS, COYOOHOUSE, DEPISUTA-US, FENGZHIHUI, FOSA227, HONGCULIER-US, HURMERS, LINXINTO, LIWORDS, LUCKYERA, PURPLE CORAL, QING CHUN LE YUAN, TAIYUANJIANDEFEISHENG, TAIYUANQIYUANXINDIANZISHANGWUYOU XIANGONGSI, VASTINGS, WONGSINGTON, 太原市桐星商贸有限公司, CWMII, FONSYN, FIAVTIWY-US, AQUR2020, MOUQIKON, AND SITENGYUN,<br><br>Defendants. | **SEALED** |

**ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets pursuant to Fed. R. Civ. P. 65, 17 U.S.C. § 504, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiffs Remy Couture and Allison Dunn d/b/a Vert Tebre (collectively, "Plaintiffs").

Plaintiffs ask the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by Defendants. As discussed below, Plaintiffs have satisfied the requirements for issuance of a Temporary Restraining Order.

## BACKGROUND

The following factual background is taken from Plaintiffs' Complaint (ECF No. 1), the Application, and supporting evidentiary submissions and exhibits.

Plaintiffs are also the authors and owners of all rights in and to the copyright for the two-dimensional artwork titled "Skull & Spine Planter" (hereinafter referred to as the "Sculpture"), which features a monster creature with a unique skull, spine, and circular tail design. Declaration of Remy Couture ("Couture Decl.) ¶ 14.

The Sculpture was registered with the United States Copyright Office on June 11, 2025 and was assigned Copyright Registration No. VA0002470872. A true and accurate copy of the registration is attached as Exhibit 2 to the Complaint and Composite Exhibit 1 of Plaintiffs' TRO application. Couture Decl. ¶ 15.

Plaintiffs allege that Defendants, through individual seller stores operating via Amazon.com ("Amazon") under their respective seller identification names ("Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing or using what Plaintiff has determined to be infringements, reproductions and/or colorable imitations of Plaintiffs' copyright ("Infringing Products"). Couture Decl. ¶¶ 20-37.

Plaintiffs have never granted authorization to Defendants to import, make, use or sell unauthorized goods using the Sculpture. Couture Decl. ¶¶ 28, 35).

Plaintiffs investigated the promotion and sale of Infringing Products by Defendants to obtain payment account information for funds paid to Defendants for the sale of Infringing Products. Couture Decl. ¶¶ 20-23; Yang Decl. ¶ 8. These investigations established that Defendants are using Amazon to sell Infringing Products from locations in China to consumers in the United States. Couture Decl. ¶¶ 25-26; Yang Decl. ¶ 14.

2

Plaintiffs, or someone under their direct supervision and control, accessed Defendants' Internet based e-commerce stores operating under their respective seller identification names through Amazon.com ("Seller IDs"). Couture Decl. ¶ 22. Plaintiffs, or someone under their direct supervision and control, was able to view the Infringing Products, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with the e-commerce store. Couture Decl. ¶ 24.

Plaintiffs, or someone under their direct supervision and control, captured detailed Amazon e-commerce stores for each Defendant reflecting each Infringing Product using unauthorized copies of the Sculpture. Couture Decl. ¶ 25; Composite Ex. 3. These e-commerce stores show Defendants slavishly copying the Sculpture, and offered goods for sale indistinguishable to consumers, both at the point of sale and post-sale. Couture Decl. ¶¶ 25, 31; Composite Ex. 3.

Plaintiffs, or someone under their direct supervision and control, personally analyzed each of Defendants' e-commerce stores on Amazon and determined that Infringing Products were being offered for sale to New York residents. Couture Decl. ¶¶ 30-31. Plaintiffs, or someone under their direct supervision and control, further reviewed and visually inspected the detailed screen captures, as seen in Composite Exhibit 2 of Plaintiffs' application for Temporary Restraining Order, test purchases of Infringing Products, which were shipped New York, as seen in Composite Exhibit 3 of Plaintiffs' application for Temporary Restraining Order, and photographs reflecting our genuine Sculpture and determined the Infringing Products were not genuine versions of Plaintiffs' Sculpture. *Id*.

On June 15, 2026, Plaintiff filed its Complaint against Defendants for federal copyright infringement.

On June 15, 2026, Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets.

## LEGAL STANDARD

To obtain a Temporary Restraining Order, a party must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:

(A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* Temporary Restraining Order "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## DISCUSSION

Based on Declarations submitted in support of Plaintiffs' Motion, the Court concludes that Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of Infringing Products,

that the Infringing Products Defendants are selling and promoting for sale are copies of Plaintiffs' Sculpture, and that the infringement of the Plaintiffs' Sculpture will likely cause Plaintiffs to suffer immediate and irreparable injury if a Preliminary Injunction is not granted.

The following specific facts, as set forth in Plaintiffs' Complaint, Application for TRO, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers before Defendants can be heard in opposition unless Plaintiffs' request for *ex parte* relief is granted: a) Defendants own or control individual seller stores via Amazon operating under their Seller IDs which advertise, promote, offer for sale, and sell Infringing Products in violation of Plaintiffs' intellectual property rights; b) there is good cause to believe that more Infringing Products bearing or using Plaintiffs' copyright will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of these products, and that Plaintiffs may suffer loss of sales for its genuine products; and c) there is good cause to believe that if Plaintiffs proceed to put Defendants on notice of this *Ex Parte* Application, Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting Plaintiffs' ability to obtain meaningful relief.

The potential harm to Defendants in restraining their trade in infringing branded goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiffs, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the Temporary Restraining Order to protect Plaintiffs' copyright interests and protect the public from being defrauded by the palming off of Defendants' Infringing Products as Plaintiffs' genuine goods. The Copyright Act allows Plaintiffs

to recover, as an equitable remedy, the actual damages suffered as result of the infringement and any additional profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages (17 U.S.C. § 504(b)) or statutory damages (17 U.S.C § 504(c)).

In light of the inherently deceptive nature of the infringing business, and the likelihood that Defendants have violated federal copyright laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause, it is **ORDERED** that the Motion is **GRANTED**, and a Temporary Restraining Order is entered as follows:

**TEMPORARY RESTRAINING ORDER**

1.    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

a.    From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Sculpture, or any substantially similar copyrights, other than those actually manufactured or distributed by Plaintiffs; and

b.    From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using the Sculpture, or any substantially similar copyrights; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or

transfer of any Infringing Products bearing and/or using the Sculpture, or any substantially similar copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2.      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Sculpture on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under the Seller IDs. This order is limited to the Defendants' listings using the Sculpture, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3.      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Sculpture, or any substantially similar copyrights, within domain name extensions, metatags or other markers within website source code, from use on any webpage at Amazon (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to individual seller stores registered, owned, or operated by any Defendant at Amazon under the Seller IDs.

4.      Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5.      Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6.      Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon Pay"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"),  Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done: (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon.com operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified by Amazon.com or by the Defendants' own e-commerce stores, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7.      Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon Pay, PayPal, Payoneer, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii)

the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiffs' copyrights; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8.      No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon Pay, PayPal, Payoneer, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9.      No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon Pay, PayPal, Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10.    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11.    This Order shall apply to the Seller IDs, associated individual seller stores on Amazon, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of infringing the Plaintiffs' Sculpture.

12.     This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

## BOND TO BE POSTED

13.     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of $5,000.00 as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

## PRELIMINARY INJUNCTION

14.     A (telephonic/remote video/in person) hearing is set before this Court in the United States Courthouse located at 500 Pearl Street on **June 30, 2026 at 1:30 PM** which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiffs' requested Preliminary Injunction.

15.     For this hearing, the parties shall appear by telephone. Counsel and/or parties shall call the toll-free number from a landline phone five (5) minutes prior to the start of the hearing and enter the access code provided followed by the pound (#) sign; to bypass the security code, press the star key (*); and state your name, the name of the party you represent, and enter the conference.

16.     After Plaintiffs' counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiffs shall serve copies of the Complaint, *Ex arte* Application, and this Order, on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the individual seller stores at Amazon operating under the

10

Seller IDs, or by providing a copy of this Order by e-mail to Amazon for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

17.    Plaintiffs shall post copies of the Complaint, the *Ex Parte* Application, this Order, as well as all other documents filed in this action on the website located at www.gibney.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiffs shall also file an unsealing motion and ensure that all previously sealed filings are publicly docketed.

18.    Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at www.gibney.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

19.    Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of Amazon and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Amazon Pay, PayPal, Payoneer, Stripe, and their related companies and affiliates, shall, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

20.    Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

21.    Any response or opposition to Plaintiffs' Motion for Preliminary Injunction must be filed and served on Plaintiffs' counsel by **June 24, 2026**

22.    Plaintiffs shall file any reply to memorandum on or before **June 26, 2026.**

23.    The above dates may be revised upon stipulation by all parties and approval of this Court.

24.    Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a Preliminary Injunction against them pursuant to 17 U.S.C. § 502, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

Date Issued: June 16, 2026
Time Issued: 10:35 AM
New York, New York

_____
Hon. Loretta A. Preska
Senior United States District Judge