**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.: 1:26-cv-05032-LAP**

REMY COUTURE AND ALLISON DUNN D/B/A VERT TEBRE,

Plaintiffs,

v.

ABOCYN, BDAIENITO, CHENNDUS, COYOOHOUSE, DEPISUTA-US, FENGZHIHUI, FOSA227, HONGCULIER-US, HURMERS, LINX-INTO, LIWORDS, LUCKYERA, PURPLE CORAL, QING CHUN LE YUAN, TAIYU-ANJIANDEFEISHENG, TAIYUANQIYUANXINDIANZISHANGWUY-OUXIANGONGSI, VASTINGS, WONGSINGTON, 太原市桐星商贸有限公司, CWMII, FONSYN, FI-AVTIWY-US, AQUR2020, MOUQIKON, AND SI-TENGYUN,

Defendants.

**PRELIMINARY INJUNCTION ORDER**

On June 15, 2026, Plaintiffs Remy Couture and Allison Dunne d/b/a Vert Tebre (collectively, "Plaintiffs") commenced this action under seal and sought the entry of an ex parte temporary restraining order and an order to show cause for a preliminary injunction (the "TRO"). The Court granted Plaintiffs' TRO on June 16, 2026 (the "TRO Order"). Plaintiffs served Amazon.com ("Amazon") with the TRO Order on the same day, June 16, 2026.

On June 22, 2026, Amazon provided Plaintiffs with the electronic mail addresses of Defendants abocyn, BdAienito, Chenndus, Coyoohouse, Depisuta-us, FENGZHIHUI, fosa227, hongculier-us, Hurmers, Linxinto, Liwords, LuckyEra, Purple coral, QING CHUN LE YUAN, taiyu-anjiandefeisheng, taiyuanqiyuanxindianzishangwuyouxiangongsi, Vastings, Wongsington, 太原市桐星商贸有限公司, Cwmii, Fonsyn, Fiavtiwy-us, Aqur2020, Mouquikon, and sitengyun (collectively, "Defendants"). A copy of the Summons, Complaint, the TRO, the TRO Order, and the supporting documents were served upon Defendants via electronic mail on June 23, 2026.

After the Preliminary Injunction hearing on June 30, 2026 and the review of the accompanying record, this Court **GRANTS** Plaintiffs' motion as follows:

This Court finds Plaintiffs have provided notice to Defendants in accordance with the TRO Order and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Plaintiffs have provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases and offer shipping to the United States including New York, and have sold products using infringing and versions of Plaintiffs' federally registered copyright, which is protected by U.S. Copyright Registration No. VA0002470872 ("Sculpture"). (ECF No. 7-2).

In this case, Plaintiffs have presented evidence that each Defendant e-commerce store is reaching out to do business with U.S. consumers including New York residents by operating one or more commercial, interactive e-commerce stores through which New York residents can and do purchase products using infringing versions of Plaintiffs' Sculpture. See ECF Nos. 13-1 to 13-7, which includes screenshot evidence confirming that each Defendant's e-commerce store does

stand ready, willing and able to ship its infringing goods to customers in the United States, including New York, using infringing versions of Plaintiffs' Sculpture.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiffs' previously granted Motion for Entry of a TRO establishes that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiffs have demonstrated a prima facie case of copyright infringement because: (1) the Sculpture is registered with the U.S. Copyright Office, and (2) Defendants are not licensed or authorized to use the Sculpture or any derivative thereof. Defendants' use of the Sculpture is causing a likelihood of confusion as to the origin or sponsorship of Defendants' infringing products with Plaintiffs. Moreover, Defendants' continued and unauthorized use of the Sculpture irreparably harms Plaintiffs through diminished goodwill and brand confidence, damage to Plaintiffs' reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law. Finally, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, it is hereby ORDERED that:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

A. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products that infringes on the Sculpture, or any confusingly similar copyrights, other than those actually manufactured or distributed by Plaintiffs; and

B. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, that infringe upon the Sculpture or any confusingly similar copyrights; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that infringe upon the Sculpture, or any confusingly similar copyrights; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Sculpture on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under each Defendant's Amazon seller identification ("Seller IDs"). This order is limited to the Defendants' listings using the Sculpture, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the sale and use of products that infringes on the Sculpture, or any confusingly similar copyrights.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller Ids that may have been deleted before the entry of this Order.

6. Upon receipt of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done: (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified by Amazon or by the Defendants' own e-commerce stores, as well as any other accounts of the same customer(s); (ii)identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as op-

posed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's copyright; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service,

money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall remain in effect during the pendency of this action or until further Court order.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. Plaintiffs shall provide notice of this Order to Defendants by serving a copy of this Order on Defendants by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Plaintiffs shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.gibney.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

15. Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at the URL www.gibney.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

16. The five thousand dollars ($5,000) bond posted by Plaintiffs on June 17, 2026 shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**DONE and ORDERED** in New York, New York, this 30th day of June, 2026.

Loretta A. Preska

HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE